

**Steven J. Stafstrom, Jr.**
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006
p   203 330 2266
f   203 576 8888
sstafstrom@pullcom.com
www.pullcom.com

January 8, 2025

<u>Via CM/ECF</u>

Hon. Mary Kay Vyskocil
U.S. District Court, Southern District of New York

      Re:      *Robles v. Capri Holdings 2 LLC*, **1:24-cv-07658-MKV**

Dear Judge Vyskocil:

      I represent Capri Holdings 2 LLC ("Defendant") in the above-captioned matter. Pursuant to Section 4(A)(i) of Your Honor's Individual Rules of Practice in Civil Cases, this letter serves as my client's request for a pre-motion conference for the purpose of filing:

i. a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject-matter jurisdiction) and any other applicable provisions; and

ii. a motion to stay discovery until the motion to dismiss is decided on the grounds that the motion to dismiss is highly likely to be granted.

**I.    FACTUAL AND PROCEDURAL SYNOPSIS**

*The Parties*

      The Defendant is a New York Limited Liability Company which operates in Yonkers, New York under the name "Budr Cannabis." The Yonkers store opened on October 15, 2024. Separate legal entities—who are not named defendants in the instant matter—also operate retail cannabis establishments in Connecticut under the d/b/a Budr Cannabis. The Defendant here has no ownership of these entities or the Connecticut stores.

      The Plaintiff, Primitivo Robles ("Plaintiff"), is, according to the Class Action Complaint & Demand for Jury Trial ("Complaint"), a visually impaired and legally blind person. The Complaint alleges that the Plaintiff was denied use of the www.budrcannabis.com ("Website") in Bronx County, New York. Compl. ¶ 12.

*The Purported Case*

      The Plaintiff commenced the instant action in October, 2024 alleging that he encountered "accessibility barriers that prevented him from fully utilizing [the] services" of the Website when

he allegedly accessed the Website on October 5, 2024. Compl. ¶¶ 27, 28. The Plaintiff asserts that the Website is a "Public Accommodation" within Title III of the Americans with Disabilities Act ("ADA"). 42 U.S.C.A. § 12182; Compl. ¶ 14. The Plaintiff seeks declaratory and injunctive relief as well as compensatory damages. Compl. ¶¶ 41, 70. However, as our intended motion to dismiss will show, the Court lacks subject-matter jurisdiction to hear this case. The Plaintiff lacks standing as he sustained no injury under the ADA and his claims are moot.

## II. GROUNDS FOR THE INTENDED MOTION TO DISMISS

### A. The Court Lacks Subject-Matter Jurisdiction Because Plaintiff Was Not Injured Under the ADA.

The Court lacks subject-matter jurisdiction in this matter because the Plaintiff does not have Article III standing. Specifically, the Plaintiff sustained no injury under the ADA. To sufficiently plead an injury-in-fact under the ADA, a plaintiff must establish: (1) past injury under the ADA; (2) that it is reasonable to infer the alleged discriminatory treatment will continue; and (3) that it is reasonable to infer, based on the past frequency of plaintiff's visits and proximity of the public accommodation to his or her home, that the plaintiff intends to return to the public accommodation in the future. *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008).

Here, the Plaintiff sustained no "past injury." *Id.* The Plaintiff alleges that he accessed the Website on October 5 and 6, 2024. Compl. ¶¶ 27, 34. However, the Yonkers' store grand opening was on October 15, 2024, meaning the Plaintiff accessed the Website and alleges a corresponding injury <u>before</u> the Defendant's store was open to the public. Compl. ¶¶ 2, 27. The Budr Cannabis Yonkers store did not have "operations" which "affect[ed] commerce" as required by the definition of "Public Accommodation" on the date the Plaintiff accessed the Website. § 12182. As a result, the Website was also not a place of "Public Accommodation" in New York at the time of Plaintiff's access. *Id.*[1] The Plaintiff was not precluded from ordering goods on the Website because there was no store from which to order. Accordingly, the Plaintiff did not suffer injury under the ADA.

Courts will grant a defendant's motion to dismiss an ADA claim for want of standing where the plaintiff was not injured under the ADA. *See*, *e.g.*, *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 76 (2d Cir. 2022) (affirming lower court's dismissal of an ADA case because the plaintiff lacked injury in fact); *Dominguez v. Grand Lux Cafe LLC*, No. 19-CV-10345 (MKV),

---

[1] Any argument that Plaintiff was injured by alleged barriers to the Website in relation to Budr Cannabis stores in Connecticut fails as well. Federally, cannabis is still a Schedule I Controlled Substance under the Controlled Substances Act. 21 U.S.C.A. § 812. Transportation of cannabis across state lines remains illegal. *Id.*; U.S. CONST. art. I, § 8, cl. 3; *see also* Conn. Gen. Stat. § 21a-421bb(7) (prohibiting cannabis cultivators from "advertis[ing] in any way that encourages the transportation of cannabis across state lines or otherwise encourages illegal activity"). Plaintiff's claim in paragraph twenty-six (26) of the Complaint that "specific strains of marijuana . . . [are] 100% legal and can be shipped anywhere in the United States" is demonstrably false. Compl. ¶ 26.

Page 3

2020 WL 3440788, at *4 (S.D.N.Y. June 22, 2020) (dismissing the case for lack of injury in fact).  The case of *Harty v. West Point Realty, Inc.* is especially on point.   In *Harty*, the Second Circuit affirmed the lower court's dismissal of the case for lack of standing.  28 F.4th 435, 445 (2d Cir. 2022).  The plaintiff in *Harty* brought an ADA case against West Point Realty Inc. alleging that the defendant's website for its Holiday Inn Express hotel was not ADA compliant and therefore infringed his right to travel free from discrimination.  *Id.* at 440, 443.  The Court stated that the plaintiff did not allege in his complaint that he was "using the website to arrange for future travel." *Id.* at 443.  Similarly, here, the Plaintiff has failed to sufficiently allege that he was using the Website to buy goods.  The Complaint itself states that the Plaintiff accessed the website on October 5 and 6, 2024, while the Yonkers store opened on October 15, 2024.  Compl. ¶¶ 2, 27, 34.  The Defendant intends to make similar arguments as to the Plaintiff's claims under the New York State and New York City statutes.[2]

### B.  Plaintiff Lacks Standing as His Claims Are Moot.

Plaintiff also lacks Article III standing because his claims are moot.  The Website has been brought into full ADA-compliance and will remain so.  Courts will dismiss a plaintiff's website ADA-accessibility complaint on mootness grounds when a defendant demonstrates that "[1] there is no reasonable expectation that the alleged violation will recur and [2] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Tavarez v. Extract Labs, Inc.*, No. 21-CV-9916 (JPO), 2023 WL 2712537, at *2 (S.D.N.Y. Mar. 30, 2023) (quoting *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010)) (dismissing the case as moot because the website was made ADA-compliant); *see also Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 19 CIV. 11197 (KPF), 2020 WL 7480619, at *6 (S.D.N.Y. Dec. 18, 2020) (same).  Defendant will submit affidavit(s) to accompany the motion to dismiss explaining how the Website was brought into ADA compliance and the additional steps taken to ensure it will remain compliant.  The Defendant intends to make similar arguments as to the Plaintiff's state claims.

### III.   GROUNDS FOR THE INTENDED MOTION TO STAY DISCOVERY

In view of the strong grounds for the planned motion to dismiss, my client will also move for a stay of discovery during the pendency of its motion to dismiss.  *See*, *e.g.*, *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (courts consider the strength of a pending motion when deciding whether to stay discovery).

For the reasons set forth above, the Defendant respectfully requests a pre-motion conference.  This motion is not on consent of all parties.

                                Best regards,
                                *Steven J. Stafstrom, Jr.*

---

[2] If the ADA claim is dismissed, this Court lacks jurisdiction over the state law claims as there would be no remaining federal question and the parties are not of diverse citizenship.

Pullman & Comley

Page 4

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this failing through the Court's CM/ECF System.

                                            */s/ Steven J. Stafstrom, Jr.*
                                            Steven J. Stafstrom, Jr.