UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

| | |
|---|---|
| PRIMITIVO ROBLES, on behalf of himself and all others similarly situated, | Case No. 1:24-cv-07658-MKV |
| Plaintiff, | |
| v. | |
| CAPRI HOLDINGS 2 LLC *d/b/a* BUDR CANNABIS, | March 5, 2025 |
| Defendant. | |

-------------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ……………………………………………………...… ii

I.   Introduction ………………………………………………………………….. 1

II.  Factual Background ………………………………………………………….. 1

III. There is Good Cause to Stay Discovery Until Resolution of the Motion to Dismiss… 3

IV.  Conclusion ………………………………………………………………….… 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amron v. 3M Minnesota Mining & Mfg. Co.*,
   No. 23CV08959PKCJMW, 2024 WL 263010 (E.D.N.Y. Jan. 24, 2024) .................................7

*Calcano v. Swarovski N. Am. Ltd.*,
   36 F.4th 68 (2d Cir. 2022) ...............................................................................................4, 5

*Carter v. HealthPort Techs., LLC*,
   822 F.3d 47 (2d Cir. 2016)..................................................................................................4

*Diaz v. Kroger Co.*,
   No. 18 CIV. 7953 (KPF), 2019 WL 2357531 (S.D.N.Y. June 4, 2019)...................................6

*Ema Fin., LLC v. Vystar Corp.*,
   336 F.R.D. 75 (S.D.N.Y. 2020) ..........................................................................................3

*Fontanez v. Valley Lahvosh Baing Co., Inc.*,
   No. 1:22-CV-5537 (MKV), 2023 WL 5390212 (S.D.N.Y. Aug. 22, 2023)............................4

*Harty v. W. Point Realty, Inc.*,
   28 F.4th 435 (2d Cir. 2022) ................................................................................................4

*Lugo v. City of Troy, New York*,
   114 F.4th 80 (2d Cir. 2024) ............................................................................................3, 4

*Martin v. Second Story Promotions, Inc.*,
   No. 1:22-CV-10438 (MKV), 2024 WL 775140 (S.D.N.Y. Feb. 26, 2024) ............................5

*Separ v. Cnty. of Nassau*,
   No. 21-CV-00010 (DRH) (JMW), 2021 WL 2474263 (E.D.N.Y. June 17,
   2021) ..................................................................................................................................7

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*,
   206 F.R.D. 367 (S.D.N.Y. 2002) ........................................................................................7

*Tavarez v. Extract Labs, Inc.*,
   No. 21-CV-9916 (JPO), 2023 WL 2712537 (S.D.N.Y. Mar. 30, 2023)..............................5, 6

*In re Term Commodities Cotton Futures Litig.*,
   No. 12 CIV. 5126 ALC KNF, 2013 WL 1907738 (S.D.N.Y. May 8, 2013)............................7

*Transunion Corp. v. Pepsico, Inc.*,
   811 F.2d 127 (2d Cir. 1987)................................................................................................3

**Statutes**

Americans with Disabilities Act Title III, 42 U.S.C. § 12181 *et seq.*...................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 26(c) .......................................................................................1, 3

*Guidance on Web Accessibility and the ADA*, U.S. DEP'T JUST. CIV. RTS. DIV.,
    https://www.ada.gov/resources/web-guidance/ (published Mar. 18, 2022) ..............................5

I. **Introduction**

Pursuant to Federal Rule of Civil Procedure 26(c), Capri Holdings 2 LLC ("Defendant") hereby moves for an order staying discovery pending resolution of its Motion to Dismiss filed concurrently with this Motion to Stay Discovery. The requested postponement of discovery related to Defendant's Motion to Dismiss is warranted in light of: (i) the strong likelihood that the Court will dismiss Plaintiff's case; (ii) the anticipated breadth and costs of discovery sought; and (iii) the fact that the Plaintiff will not suffer any prejudice if a temporary stay of discovery is granted.

This case is one of myriad cut-and-paste lawsuits brought alleging a website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). Indeed, the instant plaintiff, Primitivo Robles ("Plaintiff"), has himself twenty-four (24) virtually identical ADA cases before the Southern District of New York. The Plaintiff's mass-produced pleading strategy is painfully obvious by his failure to allege facts critical to establish standing under Title III of the ADA ("Title III"). Courts in the Second Circuit, including this Court, routinely grant motions to dismiss these complaints. The subject website has also been remediated since the filing of Plaintiff's Amended Complaint. Accordingly, there is a strong likelihood that Defendant's Motion to Dismiss will be granted. Moreover, discovery has not commenced in this litigation and therefore the Plaintiff will not be burdened by a stay of discovery until resolution of Defendant's Motion to Dismiss.

II. **Factual Background**

As set forth more fully in Defendant's Memorandum of Law in Support of its Motion to Dismiss filed concurrently with this present motion, Plaintiff's Amended Complaint in this action is nothing more than a mass produced complaint attempting to coerce a small business into paying

settlement monies. *See* Stafstrom Decl. in Support of Motion to Dismiss, Ex. A, Docket No. 16-1. (listing Plaintiff's twenty-four (24) current ADA lawsuits pending in the Southern District of New York).

The Defendant is a New York Limited Liability Company which operates a state licensed cannabis retail store in Yonkers, New York, under the name "Budr Cannabis." Am. Compl. ¶ 2; Tirella Decl. in Support of Motion to Dismiss, Docket No. 15 ("Tirella Decl.") ¶ 4. Separate legal entities, who are not named defendants in the instant action, have operated retail cannabis establishments in Connecticut under a d/b/a of Budr Cannabis since July 2023. Am. Compl. ¶ 2; Tirella Decl. ¶ 6. The Defendant entity here has no ownership or membership interest in these separate Connecticut entities. Tirella Decl. ¶ 6. However, the Budr Cannabis stores operate a shared website with the domain name www.budrcannabis.com ("Website"). *Id.* ¶ 7. The Website allows customers to select cannabis products to be set aside at a Budr Cannabis dispensary for subsequent purchase and pick-up upon the customer's arrival at that location, and some Budr Cannabis locations allow customers to order delivery if they are within a certain delivery range of the store. Tirella Decl. ¶¶ 10, 12.

The Plaintiff alleges that he is a visually-impaired person who uses a screen reader to access internet websites. Am. Compl. ¶ 23. He alleges that he was injured under Title III of the ADA because he encountered "access barriers" on the Website, most specifically on the Website's online "menu" of products sold at Defendant's cannabis dispensary. Am. Compl. ¶ 31.

Fatal to Plaintiff's Amended Complaint is that he: (i) fails to allege where he currently lives; and (ii) fails to allege that he has ever visited, or purchased from, the Defendant's dispensary or the Website. Such allegations are necessary for the Court to analyze whether the Plaintiff truly intends to visit—and purchase from—the Website in the future, thereby enabling the Court to

2

determine whether the Plaintiff has standing under Title III of the ADA. *Lugo v. City of Troy, New York*, 114 F.4th 80, 86 (2d Cir. 2024). Without the Plaintiff's current address, it is impossible for the Court to assess the plausibility that he intends to use either of the two services of the Website: to select cannabis products to be set aside for subsequent purchase and pick-up or, in some cases, to order cannabis products for delivery. Moreover, Plaintiff's claims are moot as the website at issue has been remediated. Tirella Decl. ¶ 19; Tindall Decl. ¶¶ 8-9, Ex. A.

### III. There is Good Cause to Stay Discovery Until Resolution of the Motion to Dismiss

District courts have discretion to stay discovery for "good cause" pending resolution of a motion to dismiss. *See* Fed. R. Civ. P. 26(c); *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (granting motion to stay discovery pending resolution of motion to dismiss); *Transunion Corp. v. Pepsico, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (affirming district court's decision to stay discovery pending motion to dismiss).

In determining a motion to stay discovery, courts consider: (1) the strength of the motion to dismiss; (2) the breadth of discovery sought; and (3) any prejudice that would result from staying discovery. *Ema Fin., LLC*, 336 F.R.D. at 79. Each of these considerations weighs in favor of staying discovery until resolution of the Motion to Dismiss.

First, Defendant's Motion to Dismiss has a high likelihood of success. Courts consider motions to dismiss to be strong where the party seeking the stay presents "substantial arguments for dismissal." *Id.* This standard requires a "a strong showing that the opposing party's claim is unmeritorious." *Id.* (internal citation omitted). The Defendant has met this standard.

As illuminated in the Memorandum of Law in Support of Defendant's Motion to Dismiss, Title III of the ADA ("Title III") prohibits places of "Public Accommodation" from discriminating against individuals on the basis of disability. 42 U.S.C. § 12182. The Second Circuit has

3

prescribed three specific requirements that a plaintiff must plead to establish injury in fact, and thereby standing, under Title III. *Lugo*, 114 F.4th at 86. One of these three requirements is that a plaintiff must establish it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendant's services to plaintiff's home, that the plaintiff intends to return to the Public Accommodation. *Id.* This prong requires a plaintiff to allege a "real and immediate threat of future injury." *Id.* Where a plaintiff fails to establish standing, a case must be dismissed for lack of subject matter jurisdiction. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016) (dismissal for lack of standing is one for lack of subject matter jurisdiction).

Courts in the Second Circuit will grant a defendant's motion to dismiss an ADA claim for want of standing where the plaintiff does not establish an intent to return to the Public Accommodation. *See*, *e.g.*, *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 76 (2d Cir. 2022) (affirming lower courts' dismissal of ADA cases because the plaintiffs lacked injury in fact); *Fontanez v. Valley Lahvosh Baing Co., Inc.*, No. 1:22-CV-5537 (MKV), 2023 WL 5390212, at *4 (S.D.N.Y. Aug. 22, 2023) (dismissing ADA-website claim for lack of injury in fact). The Defendant's Motion to Dismiss has a high likelihood of success because Plaintiff's Amended Complaint fails to allege facts critical to the Court's analysis of Title III standing.

The case *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 444 (2d Cir. 2022), is especially supportive of Defendant's argument. The Second Circuit in *Harty* held that because the plaintiff asserted no plausible plans to visit the defendant's brick-and-mortar hotels, he therefore failed to establish that accessibility barriers to the defendant's website caused him concrete harm. *Harty*, 28 F.4th at 443. *Harty* instructs that an ADA plaintiff must show that he or she intends to use information from an allegedly inaccessible website for purposes beyond just bringing a lawsuit. *Id.* at 444.

Moreover, prolific ADA plaintiffs, such as the instant Plaintiff, have been required to show "even more detail in complaints" than a typical plaintiff. *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 77 (2d Cir. 2022) (stating that the "backdrop of Plaintiffs' Mad-Libs-style complaints further confirms the implausibility of their claims of injury"); *Martin v. Second Story Promotions, Inc.*, No. 1:22-CV-10438 (MKV), 2024 WL 775140, at *3 (S.D.N.Y. Feb. 26, 2024) (a history of filing serial ADA-website complaints undermines a plaintiff's assertion of claimed injury in fact). Accordingly, Plaintiff's twenty-four (24) ADA complaints in the Southern District of New York further undermines his claim of injury.

The Plaintiff's claims also fail as moot because the Website has been remediated. Tirella Decl. ¶¶ 17, 19; Tindall Decl. ¶ 8-9, Ex. A. Courts will dismiss a plaintiff's website ADA-accessibility complaint on mootness grounds when a defendant demonstrates that: "[1] there is no reasonable expectation that the alleged violation will recur and [2] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Tavarez v. Extract Labs, Inc.*, No. 21-CV-9916 (JPO), 2023 WL 2712537, at *3 (S.D.N.Y. Mar. 30, 2023) In support of the Motion to Dismiss, a founder of Budr Cannabis submitted a declaration attesting to the efforts made to bring the Website into compliance with Web Content Accessibility Guidelines, and thereby in compliance with the ADA.[1] Tirella Decl. ¶¶ 16-19. The website design company hired by Budr Cannabis to create the Website has also submitted a declaration in support of the motion to dismiss detailing the remediations. Tindall Decl. ¶ 8-9, Ex. A.

---

[1] According to the U.S. Department of Justice Civil Rights Division, the Web Content Accessibility Guidelines ("WCAG") "provide helpful guidance concerning how to ensure accessibility of website features." *Guidance on Web Accessibility and the ADA*, U.S. Dep't Just. Civ. Rts. Div., https://www.ada.gov/resources/web-guidance/ (published Mar. 18, 2022). The Plaintiff also refers to the WCAG in his Amended Complaint. Am. Compl. ¶ 80.

Courts in the Second Circuit have found that defendants have satisfied these two requirements by "submitting affidavits and other evidence demonstrating that the defendant has altered the website to bring it into full and permanent compliance and has no intention of regressing back to inaccessibility." *Tavarez*, 2023 WL 2712537, at *3. For example, in *Diaz v. Kroger Co.*, the Court found that the defendant established that the subject website was remediated by asserting, *inter alia*, (i) the barriers to access, as alleged by the plaintiff, had been remediated; and (ii) that it had "no intention of undoing those changes or regressing to non-compliance with the ADA." *Diaz v. Kroger Co.*, No. 18 CIV. 7953 (KPF), 2019 WL 2357531, at *8 (S.D.N.Y. June 4, 2019). The Defendant has made the same showing.

The Plaintiff fails to allege where he currently lives or that he has ever purchased from Budr Cannabis. Without these allegations, he cannot satisfy a critical requirement for establishing standing under Title III of the ADA, an intent to return to the Website. These pleading defects, coupled with the fact that the Plaintiff is a serial ADA-website plaintiff, presents a strong showing that the opposing party's claim is unmeritorious. Additionally, the Plaintiff's claims are moot as the Website has been remediated. Accordingly, the strength of the motion to dismiss weighs in favor of staying discovery.

Second, the breadth of discovery sought weighs in favor of staying discovery. Although discovery requests have not yet been exchanged, Defendant believes it will likely bear the brunt of discovery production. The Plaintiff has allegedly already run accessibility audits on the Website, and has already presented evidence purporting to show the Plaintiff's visual handicap. Am. Compl. ¶ 31; Am. Compl. Ex. 1. The Defendant, on the other hand, would likely receive a considerable amount of technical discovery requests, with which would be costly to comply.

Courts in this Circuit have considered cost to the parties when granting motions to stay discovery pending resolution of a motion to dismiss. *See In re Term Commodities Cotton Futures Litig.*, No. 12 CIV. 5126 ALC KNF, 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013) ("the adjudication of the pending motion to dismiss might avoid the need for costly and time-consuming discovery"); *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (proceeding with discovery while the motion to dismiss is pending "would unnecessarily drain the parties' resources"). Therefore, while the breadth of discovery is not known at this time, the expected cost and burden on Defendant to respond to Plaintiff's future requests weighs in favor of staying discovery.

Third, the Plaintiff will suffer no prejudice from a stay of discovery as neither party has exchanged discovery requests at this point. Courts in the Second Circuit have found that this factor weighs in favor of staying discovery where "a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken." *Amron v. 3M Minnesota Mining & Mfg. Co.*, No. 23CV08959PKCJMW, 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024); *see also Separ v. Cnty. of Nassau*, No. 21-CV-00010 (DRH) (JMW), 2021 WL 2474263, at *4 (E.D.N.Y. June 17, 2021). Because discovery has not yet commenced, the Plaintiff here will suffer no prejudice if discovery is stayed until resolution of Defendant's Motion to Dismiss.

**IV.     Conclusion**

For the foregoing reasons, the Defendant requests that the Court grant its Motion to Stay Discovery Pending Resolution of Defendant's Motion to Dismiss.

                                              THE DEFENDANT,
                                              CAPRI HOLDINGS 2 LLC

                                              By: */s/ Steven J. Stafstrom*

        Steven J. Stafstrom
        Pullman & Comley, LLC
        850 Main Street
        P.O. Box 7006
        Bridgeport, CT 06601-7006
        Telephone 203 330 2266
        *sstafstrom@pullcom.com*

## **CERTIFICATION**

I hereby certify that the total number of words in this brief, inclusive of headings and footnotes and exclusive of pages containing the caption, table of contents, the table of authorities, signature block, certificate of service, and this certification is 2,225.

*/s/Steven J. Stafstrom*
Steven J. Stafstrom
*Attorney for Defendant*

## **CERTIFICATION**

      I certify that a copy of the above was or will immediately be mailed or delivered electronically or non-electronically on March 5, 2025 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and all self-represented parties of record who were or will immediately be electronically served.

Joseph & Norinsberg, LLC
Jon L. Norinsberg, Esq.
Arjeta Albani, Esq.
110 East 59th Street
Suite 2300
New York, New York 10022
jon@norinsberglaw.com
arjeta@norinsberglaw.com

 

                                       */s/ Steven J. Stafstrom*
                                       Steven J. Stafstrom, Esq.